UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                            CIVIL ACTION NO. 2:22-00363

**REAL PROPERTY SITUATED AT 516 33rd Street,
Parkersburg, West Virginia, Wood County,**

        Defendant.

## VERIFIED COMPLAINT OF FORFEITURE

Comes now the United States of America, by Christopher Arthur, Assistant United States Attorney for the Southern District of West Virginia, and respectfully states as follows:

## NATURE OF THE ACTION

1. This is a civil action _in rem_ brought, pursuant to 18 U.S.C. §§ 983(a) and 985, to enforce the provisions of 18 U.S.C. §§ 981(a)(1)(A), 982, and 984, for the forfeiture of defendant real property.

1

**DEFENDANTS IN REM**

2. The defendant real property is situated at 516 33rd Street, in the City of Parkersburg, Wood County, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed recorded in the Office of the Clerk of the County Commission for Wood County, West Virginia, in Deed Book 1249 at page 911 (hereinafter "real property").

3. The defendant real property is not in the custody of the United States or any of its agents.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345, 1355 and 18 U.S.C. § 981(h).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.

6. Upon the filing of this complaint, the United States will seek the issuance of a warrant of arrest *in rem* from the Clerk of this Court, pursuant to Rule G(3)(b)(i), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for the arrest of those assets.

## **BASIS FOR FORFEITURE**

7. The defendant real property is subject to forfeiture to the United States as the real property was involved in one or more transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 or 1957, or are traceable to property involved in such transactions and, therefore, is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1), and 28 U.S.C. § 2461.

8. On or about June 22, 2016, JONATHAN and ROSALIE SMITH purchased the real property from Scott Matheny by paying with a check in the amount of $135,000.

9. The $135,000 check was derived from Jonathan Smith's fraudulent activities relating to the loans he received from the federal credit union.

10. Specifically, JONATHAN SMITH made the following false statements or reports: the value of collateral, a 1963 Corvette, was $1,200,000, when in truth and in fact, as defendant well knew, the collateral had a value less than $50,000; he intended to use the proceeds to purchase a 1963 Corvette, when in truth and in fact, as defendant well knew, he intended to use the proceeds for other purposes; and he was the owner of M&J Towing and earned a

certain income, when in truth and in fact, as defendant well knew, he was not the owner of M&J Towing and did not earn the stated income.

11. JONATHAN SMITH did as part of the fraudulent activities to obtain the cash to purchase the real property, among other things, the following: submitted false loan applications and supporting documents to the federal credit union; made false and fraudulent statements and representations about the purpose of the loan, and the collateral being purchased from the proceeds of the loan; and received proceeds from the false and fraudulent loan applications.

12. On September 28, 2021, JONATHAN SMITH plead guilty to Count Two of the Indictment which charges him with a violation of 18 U.S.C. § 1014. *See* 2:20—cr-00173, ECF 42.

13. JONATHAN SMITH admitted in the plea agreement he knowingly used the criminally derived loan proceeds to pay $135,000 to a third-party to buy the defendant property on June 22, 2016. *See* Plea Agreement, attached hereto as Exhibit A.

14. Title 18, United States Code, Section § 982(a)(4) provides, in pertinent part, that "the gross receipts of such an offense" to include "any property, real or personal, tangible or

4

intangible, which is obtained, directly or indirectly, as a result of such offense" and, therefore, are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

15. For the reasons outlined above, the defendant real property was derived from proceeds from violations of 18 U.S.C. §§ 1956 or 1957, therefore, are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1), and 984.

WHEREFORE, the United States prays that process of warrant <u>in rem</u> be issued for the arrest of the defendant real property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant property be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem proper.

        Respectfully submitted,

        WILLIAM S. THOMPSON
        United States Attorney

        <u>s/Christopher R. Arthur</u>
        CHRISTOPHER R. ARTHUR
        Assistant United States Attorney
        W.VA. State Bar No. 9192
        300 Virginia Street, East, Room 400
        Charleston, WV  25301
        Telephone:304-345-2200 Fax:304-340-7851
        E-mail: <u>chris.arthur@usdoj.gov</u>

**VERIFICATION**

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

I, James T. Lipscomb, Special Service Agent with the United States Secret Service, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I have gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on August 25, 2022

_____
JAMES T. LIPSCOMB

Taken, subscribed and sworn to before me this 29th day of , 2022.



Evaline Bennett Cooper
Notary Public

My commission expires on April 30, 2026.

6

# EXHIBIT A



**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

**FILED**
**SEP 2 8 2021**
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

July 14, 2021

John A. Carr, Esquire
Carr Law Office
179 Summers St., Ste 209
Charleston, WV 25301

    Re: United States v. Jonathan Smith
       Criminal No. 2:20-cr-00173(USDC SDWV)

Dear Mr. Carr:

  This will confirm our conversations with regard to your client, Jonathan Smith (hereinafter "Mr. Smith"). As a result of these conversations, it is agreed by and between the United States and Mr. Smith as follows:

  1. **PENDING CHARGES**. Mr. Smith is charged in fifteen count indictment as follows:

    a) Counts One through Three each charge Mr. Smith with a violation of 18 U.S.C. § 1014 (false statement or report);

    b) Counts Four through Fifteen each charge Mr. Smith with violations of 18 U.S.C. § 1957 (monetary transaction with monies derived from unlawful activity).

  2. **RESOLUTION OF CHARGES**. Mr. Smith will plead guilty to Count Two of the Indictment which charges him with a violation of 18 U.S.C. § 1014. Following final disposition, the United States will move to dismiss counts one, three, and four through fifteen in felony indictment No: 2:20-cr-00173.

                         _____
                         Defendant's
                          Initials

John A. Carr, Esquire
July 14, 2021
Page 2                          Re:   Jonathan Smith

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Smith will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a period of up to 30 years;

    (b)    A fine of $1 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of up to 5 years;

    (d)    A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Smith will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Smith will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Smith fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Smith.

Defendant's Initials

John A. Carr, Esquire
July 14, 2021
Page 3                                  Re:  Jonathan Smith

5. **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Smith agrees that he owes restitution in an amount to be determined by the Court. In aid of restitution, Mr. Smith further agrees as follows:

(a) Mr. Smith agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Smith will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Smith agrees not to dispose of, transfer or otherwise encumber any real or personal property which currently owns or in which holds an interest.

(d) Mr. Smith agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Smith agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $490,000. However, nothing in this provision is intended to preclude the Court from ordering Mr. Smith to pay a greater or lesser sum of restitution in accordance with law.

6. **PAYMENT OF MONETARY PENALTIES.** Mr. Smith authorizes the Financial Litigation Program in the United States Attorney's

_____
Defendant's
initials

John A. Carr, Esquire         Re: Jonathan Smith
July 14, 2021
Page 4


Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Smith agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Smith further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Smith authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Smith shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Smith agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLP immediately of his representation.

7. **COOPERATION.** Mr. Smith will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon

_____
Defendant's
Initials

John A. Carr, Esquire         Re: Jonathan Smith
July 14, 2021
Page 5

request of the United States. In complying with this provision, Mr. Smith may have counsel present except when appearing before a grand jury.

    8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Smith, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Smith for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Smith for perjury or false statement if such a situation should occur pursuant to this agreement.

    10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Smith stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Smith agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the ~~amended information,~~ [handwritten: indictment] as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Smith or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Smith knowingly and voluntarily waives, see United States v. Mezzanatto,

[handwritten margin initials: JAC]

                                                     Defendant's Initials

John A. Carr, Esquire             Re: Jonathan Smith
July 14, 2021
Page 6


513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Smith understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the Stipulation of Facts "Plea Agreement Exhibit A", the United States and Mr. Smith agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2B1.1(a)(2)

| | |
|---|---|
| Base offense level | 6 |
| Loss amount $490,000 (2B1.1(b)(1)(G)) | +<u>12</u> |
| Adjusted Offense Level | 18 |

The United States and Mr. Smith acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Smith knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the

_____
Defendant's Initials

John A. Carr, Esquire        Re: Jonathan Smith
July 14, 2021
Page 7

manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 18. Mr. Smith also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction in 18 U.S.C. § 1014 is unconstitutional, and (2) Mr. Smith's conduct set forth in the Stipulation of Facts ("Plea Agreement Exhibit A") does not fall within the scope of 18 U.S.C. § 1014.

The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 15.

Mr. Smith also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13.  **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Smith knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

_____
Defendant's
Initials

John A. Carr, Esquire  Re: Jonathan Smith
July 14, 2021
Page 8

14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Smith;

(f) Advise the Court concerning the nature and extent of Mr. Smith's cooperation; and

(g) Address the Court regarding the issue of Mr. Smith's acceptance of responsibility.

15. **VOIDING OF AGREEMENT.** If either the United States or Mr. Smith violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Smith in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Smith in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

_____
Defendant's Initials

John A. Carr, Esquire         Re: Jonathan Smith
July 14, 2021
Page 9

                                 LISA G. JOHNSTON
                                 Acting United States Attorney

                      By: _____
                                 CHRISTOPHER R. ARTHUR
                                 Assistant United States Attorney

CRA/ajc

                                                            _____
                                                                Defendant's
                                                                   Initials

John A. Carr, Esquire         Re: Jonathan Smith
July 14, 2021
Page 10


I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 10-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     7/21/21
Jonathan Smith                      Date Signed
Defendant

_____     21 July 21
John A. Carr, Esquire               Date Signed
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                         CRIMINAL NO. 2:20-cr-00173

**JONATHAN SMITH**

### STIPULATION OF FACTS

The United States and Jonathan Smith (hereinafter "I," "my," or "defendant") stipulate and agree that the facts comprising the offense of conviction, Count Two of the Indictment in Criminal No. 2:20-cr-00173 and relevant conduct include the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

I submitted a loan application to the Wood County Federal Credit Union ("WCFCU") on June 22, 2016, for a loan in the amount of $505,000 ("loan"). I knowingly made false statements on the application with the purpose of obtaining the loan. My false statements included the following:

- I falsely represented my monthly gross income as $10,132 when I knew my monthly income was substantially less;

- I falsely represented that I intended to use the $505,000 loan proceeds to purchase the 1963 Corvette ("Corvette") when I knew that I purchased the corvette for $35,000;

- I falsely represented that the fair market value of the Corvette was $1.2 million when I knew the actual fair market value was less than $50,000; and

- I falsely represented that I owned M&J Towing when I knew I had no ownership interest in the business.

**PLEA AGREEMENT EXHIBIT A**

I knowingly used the criminally derived loan proceeds to engage in several monetary transactions with a value greater than $10,000, including the following:

- Withdrew $100,000 U.S. Currency on June 22, 2016;

- Paid $135,000 to a third-party to buy a house on June 22, 2016;

- Used $30,090.41 to pay off another loan on June 28, 2016;

- Used $82,651.42 to pay off another loan on June 28, 2016;

- Paid $47,112.46 to purchase other property on July 1, 2016;

- Withdrew $14,000 U.S. currency on July 5, 2016 on July 14, 2016;

- Paid $11,000 to purchase other property on July 14, 2016;

- Withdrew $12,000 U.S. Currency on August 10, 2016; and

- Paid $75,000 to M&J Towing on August 10, 2016.

I agree that at the time of the loan the United States could prove the National Credit Union Administration Board insured the accounts of WCFCU. I also know that at the time of the loan the United States could prove WCFCU was located in Parkersburg, Wood County, West Virginia, which is within the Southern District of West Virginia.

In total, I was loaned $505,000 as a result of the loan application on June 22, 2016.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning the charges set forth in the ~~Information~~ Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

2

Stipulated and agreed to:

_____    7/21/21
JONATHAN SMITH                    Date
Defendant

_____    21 Jul 21
JOHN A. CARR                      Date
Counsel for Defendant

_____    9/1/21
CHRISTOPHER R. ARTHUR             Date
Assistant United States Attorney

3